# ANTONE LAHNER
## v.
# HENRY A. HERTZOG.

*Trover—Agency—Pleading—Waiver.*

1. In an action of trover to recover the value of a lot of fence posts which the plaintiff had purchased from the defendant and left on his land, it is *held:* That the agent of the defendant acted within the scope of his authority in selling the posts; and that said sale, even if by mistake, was wrongful and amounted to a conversion.

2. A defendant can not plead to the action and at the same time reserve the right to object to the validity of the service of process.

[Opinion filed June 20, 1887.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. HARRISON LORING, for appellant.

Mr. W. POTTER, for appellee.

*Per Curiam.* This was a suit commenced in an action of trover by appellee against appellant to recover the value of 164 fence posts which appellant, through his agent, Clark, had sold to third parties, and for which appellant had received the purchase price of 9 cents per post.

The summons was served by special deputy and it is assigned for error that the court below refused to quash the service of the summons for the reason assigned that the appointment of the special deputy was not indorsed on the summons as required by statute. If the reasons urged ever had any force this objection was waived by the appellant pleading over to the action, and it was not in his power to plead to the action and at the same time reserve the right to object to the validity of the service of process. This point is not well taken.

Lahner v. Hertzog.

It appears that appellant had a timber lot, in 1883, and appellee bought of him 400 posts on this lot at 10 cents per post in March, 1883, and the same month the roads broke up so that appellee could not haul them away and he got permission of appellant to leave the posts on the timber lot, if he would pile up the 164 posts on one side, which appellee did as requested. Appellee did not get them away that spring but went after the posts in the spring of 1885 and found them gone. Appellee went to appellant and told him that the posts were gone; that Clark said he had sold the posts for him. Appellant offered to let appellee go into the woods and get as many more, or enough to satisfy him, or to pay him 9 cents apiece for them, which appellant had received for the posts, but appellee refused to accept the offer and brought this suit. It seems appellant had posts on the land of his own besides the appellee's posts, and authorizing Clark to sell a lot of posts, and Clark not knowing that the appellee had posts there, and appellant not informing him, he sold a lot of posts on the land without specifying any particular posts, to one Crawford, whom he sent on the land to get them without telling him what posts to get. Crawford got appellee's posts in January, 1885, and paid for them, and appellant got the money from Clark, his agent to make the sale. The appellant and appellee each reside about three miles from the land where the posts were. Clark went on the land in 1884 and appellant swears that he did not know the posts were there. The appellee testified, and it was not contradicted, that the posts were worth 12½ cents apiece, and the jury gave him a verdict of 11 cents apiece, or for $18, only $3.28 more than appellant admits due for the posts. It is claimed by appellant that the action could not be maintained; that if appellant did not know the posts of appellee were on the land at the time Clark sold them, and did not authorize Clark to sell the particular posts, and appellee had not taken the posts away within a reasonable time, and had not notified appellant that the posts were still there, then he would not be liable; that if the appellee was negligent in leaving the posts there, under the circumstances he could not recover. This defense can not be succes-

fully made. The posts being left on appellant's premises did not authorize him to sell them, and if he did so without appellee's authority, he would be liable in an action of trover and conversion. He authorized his agents to sell the posts generally on the land and can not be heard to deny the authority of his agent, as the agent acted wholly within the scope of his principal's authority in making sale of these posts, and the sale of the posts was ratified by the appellant taking the purchase price. The posts were actually sold by appellant, by his agent, Clark, and the money paid to him. It can not be contended that this sale was rightful, for appellant had no authority from appellee to make it. It must then have been wrongful. It amounts to the same as though appellant himself had actually made the sale in person under mistake. The sale would not have made him criminally liable, but as to the true owner of the posts his act would have been tortious.

In this case that there was an actual conversion of the posts to appellant's own use there can not be any doubt, and in such case an action will lie. The appellee could have waived the wrong and have sued in assumpsit for the money actually received, but he was not compelled to do so, and chose not to bring the action in that form. When these posts were inquired after by appellee the appellant did not offer to return them, and presumably could not, as he had sold them and converted them into money.

In law this is a conversion. There was no error committed by the court below in refusing the refused instructions, asked for by appellant. Seeing no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*